UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DEONTAVIS D. EVANS,

        Defendant.
_____/

Case No. 1:21-cr-20086

Honorable Thomas L. Ludington
United States District Judge

**OPINION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE AND DENYING WITH PREJUDICE DEFENDANT'S MOTION TO VACATE**

In 2022, Defendant Deontavis Evans was sentenced to 60 months of imprisonment after he was convicted of being a felon in possession of a firearm. Currently before the Court are Defendant's *pro se* Motion for Compassionate Release and *pro se* Motion to Vacate under 28 U.S.C. § 2255. As explained below, both motions will be denied.

I.

In May 2022, Defendant Deontavis Evans pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *See* ECF Nos. 15; 18; 19; 28 at PageID.133. On September 29, 2022, this Court sentenced Defendant to 60 months of imprisonment followed by two years of supervised release. ECF No. 28 at PageID.134–35. Considering credit, Defendant is expected to be released in May 2026. ECF No. 34 at PageID.158–59.

In July 2023, Defendant filed a *pro se* motion for compassionate release under 18 U.S.C. § 3582. ECF No. 33. Two months later, Defendant filed a *pro se* motion to vacate his sentence under 28 U.S.C. § 2255 in light of the June 2022 Supreme Court decision *New York State Rifle &*

*Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). ECF No. 36. The Government has responded to both motions, ECF Nos. 34; 40. Each Motion will be addressed in turn.

## II. Defendant's Motion for Compassionate Release

Defendant's Motion for Compassionate Release, ECF No. 33, will be denied without prejudice because he has not shown any "extraordinary and compelling" reasons to warrant his release.

### A.

A sentence is a final judgment, and district courts generally lack the authority to modify sentences after they are imposed. 18 U.S.C. § 3582(b)–(c). Yet 18 U.S.C § 3582(c)(1)(A) provides an exception to this "rule of finality" in " limited circumstances," known broadly as "compassionate release." *United States v. Lee*, No. 18-20198, 2024 WL 1508826 (E.D. Mich. Apr. 5, 2024) (citing *United States v. Hunter*, 12 F.4th 555, 561, 569 (6th Cir. 2021)). In assessing motions for compassionate release, courts within the Sixth Circuit proceed with a threshold question, followed by a three-tiered analysis.

As a threshold issue, reviewing courts must assess whether the defendant has "satisfied the administrative exhaustion requirement of the First Step Act." *United States v. Allison*, No. 2:21-CR-20436-TGB-EAS, 2024 WL 3012780, at *2 (E.D. Mich. June 14, 2024); *see also* 18 U.S.C. § 3582(c)(1)(A) (noting courts can review defendant-filed motions for compassionate release only once defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier").

If the defendant exhausted all administrative remedies, reviewing courts proceed to assess whether the defendant has shown both (1) "extraordinary and compelling reasons" which warrant

a sentence reduction and (2) that the requested reduction is "consistent with" applicable United States Sentencing Commission policy statements. *See* 18 U.S.C. § 3582(c)(1)(A). If both these criteria are met, reviewing courts (3) turn to the factors promulgated in 18 U.S.C. § 3553(a) to determine whether the sentence reduction is justified under the case's particular circumstances. *Dillon v. United States*, 560 U.S. 817, 827 (2010).

**B.**

*Exhaustion.* As a threshold issue, Defendant seemingly exhausted his administrative remedies. On June 29, 2023, Defendant wrote a letter to the warden of his place of confinement—FCI Oxford in Wisconsin—asking the BOP to seek compassionate release on his behalf, citing his mother's cancer diagnosis, subsequent surgery, and post-operation care as "extraordinary and compelling" reasons for his release. ECF No. 33 at PageID.154. But the warden denied Defendant's request one week later. *Id.* at PageID.155. The Government does not suggest Defendant had additional administrative remedies, such as internal appeals, and seemingly concedes Defendant satisfied the exhaustion requirement. *See* ECF No. 34 at PageID.159.

*Extraordinary and Compelling Reasons.* Turning to the merits, the *only* "extraordinary and compelling reason" proffered by Defendant is that his "mother was diagnosed with severe stomach cancer[,]" and had "surgery to remove portions of her upper and lower intestines." ECF No. 33 at PageID.152. Without more, this is neither extraordinary nor compelling.

The United States Sentencing Commission's policy statement, codified at Section 1B1.13(b)(3) of the United States Sentencing Guidelines, provides that "the incapacitation of the defendant's parent" is an "extraordinary and compelling reason" to warrant compassionate release if the defendant is that parent's "only available caregiver." U.S.S.G. § 1B1.13(b)(3)(C). "Incapacitation," in this context, "typically means that the individual is completely disabled[,]

cannot carry on any self-care[,] or is totally confined to a bed or chair." *United States v. Smith*, No. CR 5:16-100-KKC, 2024 WL 4102041, at *2 (E.D. Ky. Aug. 27, 2024) (internal quotations omitted). Defendant's one-sentence explanation does not substantiate his mother's incapacity, nor that he is his mother's "only available caregiver." *Compare* ECF No. 33 at PageID.152 *with United States v. Olive*, No. 3:12-CR-00048, 2024 WL 4046562, at *3 (M.D. Tenn. Sept. 4, 2024) (finding extraordinary and compelling reasons warranting compassionate release when Defendant explained that his 84-year old mother, who lived alone, was diagnosed with terminal metastatic cancer); *see also United States v. Wendel*, No. 3:19-CR-219, 2024 WL 2748493, at *2 (N.D. Ohio May 29, 2024) (denying defendant's motion for compassionate release because defendant did not submit "competent evidence that his mother [was] unable to care for herself" and noting that "general assertions" that the mother was unable to "manager her home" were insufficient); *United States v. Putty*, No. 5:19-CR-2-BJB, 2024 WL 3066913, at *3 (W.D. Ky. June 20, 2024) (denying compassionate release because defendant did not establish that his mother was incapacity, nor that he was his mother's only caregiver).

Accordingly, Defendant's Motion for Compassionate Release, ECF No. 33, will be denied without prejudice.[1] To the extent Defendant can proffer and substantiate that he is his mother's only available caregiver, and that she remains incapacitated, Defendant may re-file.

### III. Defendant's Motion to Vacate

The Court next considers Defendant's *pro se* Motion to Vacate his § 922(g)(1) felon-in-possession conviction under 28 U.S.C. § 2255, ECF No. 36. Defendant's Motion will be denied, for both procedural and substantive reasons.

---

[1] This decision is not meant to minimize the seriousness of Defendant's mother's medical condition. This Court empathizes with Defendant's request, and commends him for his desire to care for his mother as she battles cancer.

*Waiver.* As a threshold issue, in his Rule 11 Plea Agreement, Defendant expressly waived his right to collaterally challenge his conviction under 28 U.S.C. § 2255 on "any grounds" other than ineffective assistance of counsel. ECF No. 18 at PageID.47–48. This waiver is enforceable because Defendant has not even attempted to argue that the waiver was unknowing or involuntary. *See Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999) ("[A] defendant's informed and voluntary waiver of the right to collaterally attack a sentence in a plea agreement bars such relief."); *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007) (denying § 2255 motion because defendant waived the right to collaterally attack his sentence and did "not raise[] a challenge that [went] to the Validity of [t]his waiver").

*Merits.* But even if Defendant's § 2255 Motion was not waived, it would be denied on the merits. Federal prisoners seeking relief under 28 U.S.C. § 2255 must show that their sentence was imposed in violation of the Constitution or federal law, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

Defendant argues that his conviction is unconstitutional in light of the June 2022 Supreme Court decision *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), which adopted a new "historical tradition" test to assess whether a law violates the Second Amendment. *See United States v. Ross*, 701 F. Supp. 3d 657, 670–71 (E.D. Mich. 2023) (explaining *Bruen* and the contours of the Supreme Court's new "historical tradition" test).

But both this Court and the Sixth Circuit have squarely held, post-*Bruen*, that the felon-in-possession statute, 18 U.S.C. § 922(g)(1), is facially constitutional. *Id*. at 673 (noting "the felon-in-possession statute is consistent with this Nation's historical tradition of firearm regulation"); *United States v. Williams*, 113 F.4th 637, 657 (6th Cir. 2024) ("[O]ur nation's history and tradition

demonstrate that Congress may disarm individuals they believe are dangerous.") And, to the extent Defendant argues § 922(g)(1) is unconstitutional *as applied* to him, such argument is belied by Defendant's criminal history and the circumstances surrounding his current conviction.

The Sixth Circuit recently explained that, although "an as-applied challenge is an odd match for § 922(g)(1), which doesn't provide a mechanism [for] individuals to prove" that historical class-wide presumptions of dangerousness should not apply to them, such challenge may still succeed in "certain cases." *Williams*, 113 F.4th at 657. So, Courts should assess the defendant's dangerousness by considering their "entire criminal record—not just the specific [predicate] felony underlying [the] § 922(g)(1) conviction." *Id.* at 659–60; *see also id.* at 660 ("The dangerousness determination will be fact-specific, depending on the unique circumstances of the individual defendant."). Violent crimes—like murder, rape, assault, robbery, burglary, and drug trafficking— are "at least strong evidence that an individual is dangerous, if not totally dispositive on the question." *Id.* at 658.

Defendant is a habitual, violent offender. When sentenced in 2022, Defendant's criminal history included:

(1) A June 2013 conviction for felonious assault after Defendant pleaded guilty to smacking, punching, and choking his then-girlfriend, PSR ¶ 36;

(2) An August 2016 conviction for assault by strangulation, PSR ¶ 38; and

(3) A November 2016 conviction for domestic violence, PSR ¶ 39.

In addition to these violent offenses, Defendant was convicted in 2021 for attempted misconduct involving weapons in Arizona state court. PSR ¶ 41. And, despite his felon status and his history with misusing weapons, Defendant possessed *two* semi-automatic pistols and extended magazines in a car he was driving while holding a bottle of tequila. *See* ECF No. 18 at PageID.39. This Court has little difficulty concluding that Defendant's § 922(g)(1) conviction was constitutional and in

line with this nation's history and tradition of disarming dangerous individuals. *See Williams*, 113 F.4th at 661–62; *see also United States v. Smith*, No. CR 21-20205, 2024 WL 1776350, at *1 (E.D. Mich. Apr. 24, 2024) (denying defendant's § 2255 motion predicated on *Bruen* and the constitutionality of § 922(g)).

### IV.

Accordingly, it is **ORDERED** that Defendant's Motion for Compassionate Release, ECF No. 33, is **DENIED WITHOUT PREJUDICE.**

Further, it is **ORDERED** that Defendant's Motion to Vacate, ECF No. 36, is **DENIED WITH PREJUDICE.**

Dated: November 27, 2024                    s/Thomas L. Ludington
                                            THOMAS L. LUDINGTON
                                            United States District Judge