UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      Case No. 1:21-cr-20086

v.                                                  Honorable Thomas L. Ludington
                                                       United States District Judge

DEONTAVIS D. EVANS,

        Defendant.
_____/

**OPINION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

Currently before the Court is Defendant Deontavis Evans's second Motion for Compassionate Release. Unlike his first motion, Defendant has not shown that he exhausted his administrative remedies. So his Motion will be denied without prejudice.

**I.**

In May 2022, Defendant Deontavis Evans pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *See* ECF Nos. 15; 18; 19; 28 at PageID.133. On September 29, 2022, this Court sentenced Defendant to 60 months of imprisonment followed by two years of supervised release. ECF No. 28 at PageID.134–35. Considering credit, Defendant is expected to be released in May 2026. ECF No. 34 at PageID.158–59.

In July 2023, Defendant filed a *pro se* motion for compassionate release under 18 U.S.C. § 3582, citing the need to care for his mother as she received treatment for stomach cancer. *See* ECF No. 33. In November 2024, this Court denied Defendant's motion without prejudice because Defendant did not allege or show that he was his mother's only caregiver, nor that his mother was sufficiently incapacitated, so this circumstance was neither extraordinary nor compelling to justify

release. ECF No. 41. at PageID.200–201 (citing 18 U.S.C. § 3582(c)(1)(A)).

On March 18, 2025, Defendant filed another *pro se* Motion for Compassionate Release. ECF No. 44. Unlike his first motion, which sought compassionate release to care for his mother, Defendant now seeks compassionate release "based on a change in the applicable law." *Id.* at PageID.208. But the "applicable law" Defendant alludes to is unclear. Defendant's motion appears to be a form template, and Defendant has filled in the blanks throughout it to support his claim for compassionate release. *See id.* Under a typed section discussing the alleged "change[s] in the law," Defendant checked two boxes. *Id.* at PageID.209. The first corresponds to "status point reduction" under U.S.S.G. § 4A1.1(d). *Id.* The second corresponds to "transportation of firearm with large capacity magazine enhancement reduction" under U.S.S.G. § 2K2.1. *Id.*.

## II.

A sentence is a final judgment, and district courts generally lack the authority to modify sentences after they are imposed. 18 U.S.C. § 3582(b)–(c). Yet 18 U.S.C § 3582(c)(1)(A) provides an exception to this "rule of finality" in " limited circumstances," known broadly as "compassionate release." *United States v. Lee*, No. 18-20198, 2024 WL 1508826 (E.D. Mich. Apr. 5, 2024) (citing *United States v. Hunter*, 12 F.4th 555, 561, 569 (6th Cir. 2021)). In assessing motions for compassionate release, courts within the Sixth Circuit proceed with a threshold question, followed by a three-tiered analysis.

As a threshold issue, reviewing courts must assess whether the defendant has "satisfied the administrative exhaustion requirement of the First Step Act." *United States v. Allison*, No. 2:21-CR-20436-TGB-EAS, 2024 WL 3012780, at *2 (E.D. Mich. June 14, 2024); *see also* 18 U.S.C. § 3582(c)(1)(A) (noting courts can review defendant-filed motions for compassionate release only once defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of

Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier").

If the defendant exhausted all administrative remedies, reviewing courts proceed to assess whether the defendant has shown both (1) extraordinary and compelling reasons" which warrant a sentence reduction and (2) that the requested reduction is "consistent with" applicable United States Sentencing Commission policy statements. *See* 18 U.S.C. § 3582(c)(1)(A). If both these criteria are met, reviewing courts (3) turn to the factors promulgated in 18 U.S.C. § 3553(a) to determine whether the sentence reduction is justified under the case's particular circumstances. *Dillon v. United States*, 560 U.S. 817, 827 (2010).

### III.

Defendant's second Motion for Compassionate Release fails at the first step. Although Defendant "seemingly exhausted his administrative remedies" applicable to the claims he asserted in his first motion for compassionate release filed nearly two years ago, ECF No. 41 at PageID.200, he has not even attempted to show that he exhausted his new claim that unclear changes in the law warrant his compassionate release. Indeed, his 3-page Motion and attachments do not discuss the exhaustion requirement whatsoever. *See generally* ECF No. 44. So, his Motion will be denied without prejudice. *See United States v. Lopez-Gonzalez*, No. 2:16-CR-20591-1, 2024 WL 4231347, at *1 (E.D. Mich. Sept. 18, 2024) (denying motion for compassionate release without prejudice when the defendant "failed to officer evidence that he . . . exhausted his administrative remedies.")

### IV.

Accordingly, it is **ORDERED** that Plaintiff's Motion for Compassionate Release, ECF No. 44, is **DENIED WITHOUT PREJUDICE.**

Further, it is **ORDERED** that the Government need not respond to Defendant's denied Motion. *See* ECF No. 45.

**This is not a final order and does not close the above-captioned case.**

Dated: March 31, 2025                                         s/Thomas L. Ludington
                                                              THOMAS L. LUDINGTON
                                                              United States District Judge